Rueein, Judge.
 

 I think this action is maintainable, and that the Court below did right throughout.— It may bo a hard action; but the question is, can the .plaintiffs bring it? I think, they can ; for here is an actual conversion. The defendant took the plaintiffs’ property, knowing whose it was, and disposed of it for value for one year. It is no answer, that this was intended for the.owner’s benefit. The finder of a chattel, the property of one unknown, may justify taking it, and reasonably using it. -For until the owner appear, it be-, longs to the finder. But if the latter consume it, or-sell it, he must pay the owner; for that is an actual conversion, and the -intent, makes no difference. So when one sees another’s property in jeopardy, he may take it into his care, and preserve it; but he cannot make a disposition of it, but at the.risk of the owner’s action. So, if one design a benefit'to tiie owner, and the property happens, by accident, to be destroyed in the very act of using it to promote that benefit to the owner, the party is excused. The case of the boat, put at the bar,
 
 (Drake
 
 v.
 
 Shorter,
 
 4
 
 Esp. Rep.
 
 166,) is an • instance of this sort, Another might- b'e> where one took the horse of 'another, to ride for a physician for the owner, and he was.injured
 
 without negligence.
 
 Many others could be put. But they are altogether different from the exercise of that dominion, which implies a right to sell or dispose of the property. Although the taking be not wrongful, the use, in that way is. It is an . actual conversion. No person can assume an agency of that sort for another, and especially for infants.- He, who intermeddles with their property, must make sure
 
 *574
 
 of bis authority. ■ The utmost dealing with infant’s property that can be countenanced, is, to hold it for preservation until the next court at which a guardian could be appointed- It is said, the defendant did not choose to be
 
 guardian; but
 
 that he voluntarily did the appropriate acts of one, for the benefit of the infants ; and therefore ought not to be charged. But the intent cannot alter the fact. Here, I repeat, is an actual conversion. All beyond preservation is a tortious charity.' But if it were pxit upon the question of intent, the case is equally conclusive against the
 
 defendant;
 
 for he took the bonds payable to himself, so as to make himself, and not the hirers, debtor to the infants. There aré however, many instances, in which the law will not tolerate acts of officiousness, flowing from the most benevolent motives. Suppose the infants here, had died, instead of -their guardian. Tlierecan be no doubt, that ORe may safely,- and often ought, to collect the effects of a deceased person, for safe keeping. The law supports such an act. But he must not keep them too long; nor must he, in any event, sell them, however perishable they may be, and though the sale be absolutely necessary to prevent their destruction or waste. If he docs, he becomes a
 
 wrongful
 
 executor. Why? Because it is too dangerous to let men, upon any pretence, intermeddle with other'people’s property, -in a .way looking like ownership in themselves. And in such case, it is clear, that a subsequent administrator might bring trover, either against the seller or the buyer. Such transaction is indeed capable of confirmation. Bufhere the plaintiffs were infants and could not assent, and .their guardian refused the bonds. They have, elected to consider the defendant, not constructively their agent, but according to his apparent and direct character, a wrongdoer. I see nothing to prevent them. to the damages and interest, they were properly left the jury, with directions to make the value of the property, the measure. ■ Trover is not a vindictive action which the character of the party, or the feelings of jury, constitute the standard of damages. It is to
 
 *575
 
 cover for an injury to property; and tlie question is not the gain of the defendant, but the loss of the plaintiff. ^
 

 Per Curiam. — Judgment affirmed.
 
 *
 

 *
 

 This case was decided several terms ago, but the papers having been misplaced in the confusion occasioned by the fire, which consumed the Capitol in 1831, it could not be reported sooner.